| END USER CONSUMER PLAINTIFF CLASS, | Appeal No. 25-2298 |
|---|---|
| Plaintiff-Appellant, | Appeal from the Northern District of Illinois, No. No. 1:16-cv-08637 |
| v. | |
| AGRI STATS, INC., | The Hon. Thomas M. Durkin, District Judge |
| Defendant-Appellee. | |

## DECLARATION OF SHANA E. SCARLETT

I, Shana E. Scarlett, declare:

1. I am a partner with Hagens Berman Sobol Shapiro LLP, Co-Lead Counsel for Appellant End-User Consumer Plaintiff Class ("Consumer IPPs"). I make this declaration in support of the Joint Motion for Limited Remand and Notice of Settlement. I am admitted to practice before this Court and, if necessary, I would competently testify to the following.

2. The proceedings below began in 2016. Consumer IPPs filed one of multiple class action complaints, against multiple defendants, alleging price fixing in the market for broiler chicken. Among their claims, Consumer IPPs brought federal antitrust causes of action under the Sherman Act, 15 U.S.C. § 1, and the Clayton Act, 15 U.S.C. §§ 15(a) & 26.[1]

---

[1] Dkt. No. 3747 at ¶ 15.

Defendant-Appellee Agri Stats, Inc. ("Agri Stats") became a party later in the proceedings.[2]

3. The district court appointed Hagens Berman Sobol Shapiro LLP and Cohen Milstein Sellers & Toll PLLC as Interim Co-Lead Counsel for Consumer IPPs.[3]

4. After extensive litigation and discovery, in an omnibus order issued in 2023, the district court granted summary judgment for Agri Stats.[4] After several class action settlements and other proceedings, Agri Stats was the only defendant remaining against which Consumer IPPs still asserted antitrust claims. The district court therefore entered final judgment for Agri Stats.[5]

5. In July 2025, Consumer IPPs appealed the judgment for Agri Stats.[6] Last month, with the filing of amended opening, appellee, and reply briefs and a deferred joint appendix, this appeal was fully briefed. Most recently, the matter was set for oral argument on April 15, 2026.

---

[2] Dkt. No. 7706-3 at 2.

[3] Dkt. No. 5304 at 3; Dkt. No. 5585 at 1.

[4] Dkt. No. 6641 at 56-65, 87.

[5] Dkt. No. 7796.

[6] Dkt. No. 7828.

6. As the appeal was pending, the parties had conversations about a possible resolution but the discussions were not sufficiently advanced to pause the briefing in this Court. On March 12, 2026, the parties signed a settlement agreement. If approved and when final, the settlement provides for dismissal of this appeal as moot. Mindful of the Court's limited resources, the parties jointly notify the Court at the earliest opportunity.

7. By command of Rule 23, a class action "may be settled, voluntarily dismissed, or compromised only with the [district] court's approval."[7] To facilitate resolution of their dispute and settlement approval, the parties jointly seek a limited remand to the district court. The parties propose to provide joint status updates every 60 days or as otherwise instructed by this Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 13th day of March, 2026.

*/s/ Shana E. Scarlett*
SHANA E. SCARLETT

---

[7] Fed. R. Civ. P. 23(e).

## CERTIFICATE OF SERVICE

The undersigned attorney of record hereby certifies that on March 13, 2026, a true and correct copy of the foregoing was filed electronically by the Court's CM/ECF system, which caused notice and a copy of this filing to be sent to all counsel of record.

DATED: March 13, 2026          /s/ Shana E. Scarlett
                                SHANA E. SCARLETT